Elizabeth Shumaker v. Commissioner.
Shumaker v. Commissioner
Docket No. 26450.
United States Tax Court
1951 Tax Ct. Memo LEXIS 257; 10 T.C.M. (CCH) 387; T.C.M. (RIA) 51118; April 23, 1951
*257 Harvey M. Mabry, Esq., for the petitioner. Thomas C. Cravens, Jr., Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $88.60 in the income tax of the petitioner for 1947. The issue is whether the Commissioner erred in disallowing $455 of the total loss of $1,655 claimed by the petitioner on her return on account of a theft. Findings of Fact The petitioner filed her individual income tax return for 1947 with the collector of internal revenue for the district of Florida. A burglar broke into the petitioner's house in March 1947 and stole a platinum ring set with eight small diamonds and two larger diamonds, a white gold ring set with an amethyst surrounded by small cut diamonds, a platinum pin set with a diamond, and $55 in cash. The petitioner had purchased the two rings and the pin 15 or 20 years before 1947. The record does not show the cost of any of the three articles or their value at the time of the theft. The petitioner on her return claimed a deduction of $1,655, made up of $1,000 for the first ring, $450 for the second ring, $150 for the pin, and $55 in cash. The Commissioner, in *258 determining the deficiency, allowed $1,200 of the amount claimed and disallowed the remainder of $455. The record does not show that the petitioner sustained a loss from the burglary in an amount in excess of that allowed by the Commissioner in determining the deficiency. Opinion MURDOCK, Judge: The petitioner was unable to testify either to the cost of the articles or to their value at the date of the theft and no competent evidence of either was offered. A record of this kind obviously does not show any error in the determination of the Commissioner. Decision will be entered for the respondent.